Good morning. Our first case today is number 20-2439 Barras Giacome versus Attorney General, Mr. Raiola. Thank you, Judge Hardiman and may it please the court. My name is Steven Gallo, Gordon, Alfano, and Responte and I represent the petitioner Alexis Fernando Barras Giacome. I'd like to reserve two minutes for rebuttal, please. Granted. As set forth in our opening brief, this case presents three questions for this court's review. The first is whether this court has jurisdiction over Giacome's petition for review. The second is whether the DHS properly concluded that Giacome's Pennsylvania conviction for theft by receiving stolen property is an aggravated felony under the INA, and the third is whether the DHS's manner of conducting expedited removal proceedings violates due process. During my argument today, I plan on addressing all three issues starting with jurisdiction. This court has jurisdiction over Giacome's petition for review because an appropriate court of appeals has jurisdiction over all constitutional claims and questions of law raised in a petition for review under 8 U.S.C. Section 1252 A.2.D. Limiting that jurisdiction, the INA contains a statutory exhaustion provision, but that statutory exhaustion provision only applies to those remedies that are available to the alien as of right. Admittedly, Giacome failed to affirmatively raise the legal arguments he now seeks to raise prior to filing his petition for review. Let's let's talk about the form for a minute because the the form certainly does not in any clear way tell your client that he should be making legal arguments. It's heavily focused on facts, correct? Correct. But the form doesn't prohibit him from raising legal arguments, does it? The form doesn't. I actually think, Your Honor, it does because the form states, I contest my deportability because, and then it one of those four options, and none of those options are a legal challenge. So we would submit that the the form itself, I mean, is there an express prohibition that says you can't raise a legal challenge? No, but that the necessary implication of presenting a limited set of options, none of which includes a legal challenge, is the same as a as a prohibition. As we cited in our briefs, the Supreme Court case law examining the meaning of the word available requires a remedy to be held out as available, knowable, and capable of use. So even if the form didn't affirmatively prohibit an alien from raising a legal challenge, the fact that it's not knowable from the form is enough for it to not be available under the under the statutory exhaustion provision. I'd also add to that argument the the regulations themselves, and there's three provisions in the regulations I'd like to call this court's attention to. The first is section 238.1 C, which limits the alien's response to rebutting the allegation supporting the charge. The second is subsection B, which... But isn't one of the allegations supporting the charge that he is an aggravated felon? Based on the way that the form's constructed, no, your honor. If you actually look at the first page of the form, it lists out six factual allegations, and the factual allegation that relates to the crime of conviction just says you were convicted of this specific offense. The separate section then encompasses the legal charge, and if we're to look at the remainder of the regulations and figure out what the antecedent basis of allegations supporting the charge means, in subsection B it requires the notice of intent to contain allegations of fact and conclusions of law, indicating that the word that modify or the phrase that modifies allegations supporting the charge is allegations of fact, and that allegations of fact do not encompass conclusions of law. We've said in our brief a number of cases, including Singh, that talk about how parallel provisions utilizing different words indicate different meanings. So the fact that we've drawn a distinction in the regulations between allegations of fact and conclusions of law, but limited the response to allegations, I think is dispositive. And the last point I'll make on the text of the regulation is subsection C2 then also indicates that if the alien wishes to rebut the allegations in the notice of intent, and again, allegations in the notice of intent are these six factual findings, the alien must specify which findings are being challenged and attach affidavits, documentary information, or other specific evidence. Cases and briefs are not evidence. Let's assume you prevail on that issue. Let's hear your argument on the on the second issue. Of course. So there's a lot of briefing on the second issue, so I'd like to start by just trying to simplify the second issue for us. And I think the second issue comes down to two questions. The first is what offense Jacobs' crime of conviction should be compared to. We argue the that this court has set out in K.A. and Lewin. The government argues a generic receipt of stolen property offense. And then the second question is whether Jacobs' offense categorically qualifies. Starting with that first question, whether the generic theft offense or generic receipt of stolen property offense applies, the government couldn't be more wrong to suggest that a receipt of stolen property offense applies. The authority that they rely on is distinguishable. It says that theft and receipt of stolen property can be separate offenses and that receipt of stolen property can follow for less conduct than theft. But that's plainly not the case in Pennsylvania, which expressly calls receipt of stolen property a theft offense and consolidates receipt of stolen property into what this court has called a form of a theft offense in Pennsylvania. Yes, 3902 consolidates receipt of stolen property into a unitary theft offense, Your Honor. And that's the second portion of why we believe that the authority that they all said is distinguishable. But if you actually look at the text of 8 U.S.C. section 1101 A43G, the language itself, and I'll add that this court has never affirmatively deferred to the BIA in interpretation of that provision, says theft offense, including receipt of stolen property or burglary offense. It does not say theft offense or receipt of stolen property offense or burglary offense. And consequently, this court has applied the generic theft offense in Lewin to a receipt of stolen property offense. And just last year in K. A. This court interpreted that language as an unitary theft offense with one definition, as opposed to a listing of several different offenses. Having established that the generic theft offense applies, I think the court's opinion is straightforward. We set forth three, four arguments in our brief why his, why Jacobs conviction does not categorically qualify, and the government does not contest two of those arguments on the All they do is protest that we rely on the generic definition of theft, which is exactly what we should be doing under this court's decisions in Lewin and K. A. Nevertheless, I'd like to briefly cover those two arguments. The first one is without consent. Prior to 1973, Pennsylvania had a requirement in the receipt of stolen property offense that required the property be stolen or feloniously taken. When the statute was amended, it removed that language so that now, if you read the plain text of the offense, an individual could be convicted of receipt of stolen property based on the mistaken belief that property was stolen. Such a conviction is lacking the without consent element that is required in K. A. And because the text is lacking that element, we don't need to cite to any cases under this court's decisions in Salmora and Cabeda. Nevertheless, we've pointed out through the Supreme Court case commonwealth the Henley that the Supreme Court has stated that the language means what it says that factual and legal impossibility, including the fact that the property was not stolen, is no longer a defense to in Pennsylvania. The second argument that they don't rebut is the effect of Pennsylvania's consolidation provision. So Pennsylvania has a consolidation provision that says that theft is one offense in Pennsylvania that may be under the various subchapters. The cases we cite prove that that language means exactly what it says, that an individual can be charged of a violation of 39 24 and convicted based on evidence of a violation under 39 25 Commonwealth. The Robichaux, one of the decisions that we cited, had a dissent in which the dissent said that because there are different subsections and that those different factual means constitute different elements, the majority said that's wrong. That Pennsylvania's approach to consolidation means that those various subsections are not elements, they're not separate offenses, that they're different specific means of conducting a crime. Let me ask you sort of a, go back for a minute, more fundamental question. Does your position require us to conclude that receipt of stolen property is merely a subset of a theft offense? I don't think so. In other words, if they're different offenses, if they're distinct offenses, do you lose? No, no it does not, your honor, because the receipt of stolen property offense lacks the without-consent element. So that's the first point I just made, that under the mistaken belief that you were in possession of stolen property, and that conviction would be lacking the without-consent element. You don't have to have a, you can be convicted without a subjective belief? Well, you'd have to have a subjective belief that the property was stolen, but there would have been no taking without consent. A friend of mine could say, this property is stolen, I believe that it's stolen, and then I'm convicted of receipt of stolen property. In that situation, there's not been a taking or possession of property without consent. Doesn't Henley really preclude your argument? Aren't you taking a narrow view of Henley in your argument here? I don't, I don't believe so, your honor. As I read Henley, it said that the defenses of factual and legal impossibility no longer existed, and it calls as an Let me ask you this question on our attempt to categorically match the Pennsylvania statute, whichever one it is, and the federal generic theft statute. Should we be taking a textual approach to this in determining what the Pennsylvania law says, or should we be reviewing Pennsylvania case law? Well, I think the Supreme Court precedent, this court's precedent, calls for a two-step inquiry. It starts with looking at the text of the of the statute, but even if the text of the... Then we go from the text to the case law. So then we go to the, from the case, from the text to the case law, on the reasonable, on the reasonable probability inquiry. So if the text matches the the generic federal offense, but you are able to prove that the state, the state uses that offense to reach broader conduct than the generic federal offense, and that's the reasonable probability standard, then you look at Pennsylvania case law. I think Salorman, or Salmoran, if I'm pronouncing it right, is clear that if the text is broader, you don't do that second inquiry, but even if the text matched, you would then have to apply that that second inquiry. So again, on this without consent element, it's missing from the text. We don't need to go to the case law. I believe that the case law supports us, but we don't need to go there if the I see that I've only got 12 seconds left, so I'll save the rest of my time to rebuttal, to talk about the constitutional issue, unless there's other questions. All right. Thank you very much, Mr. Raola. Mr. Newell. Mhm. Good morning. May it please the court. My name is Craig Newell and I'm here on behalf of the attorney general. This court should hold that Mr Baradas was required to exhaust his legal challenge to his aggravated felony ground of removal with DHS in his expedited removal proceedings. And the reason that the court should do so is because DHS, the officer who issued that notice of intent, had the authority to reconsider that determination if presented with legal challenge. And he or she could have remedied any error by what the regulations say. That officer can terminate proceedings. The DHS officer is not a lawyer or doesn't have to be a lawyer, correct? That is correct. Would typically not be a lawyer, right? Most, most of the times not. Yes. Isn't it sort of obvious that these issues that deal with the categorical approach, whether you're dealing with armed career criminal act or these immigration exclusionary crimes, this is tough stuff. Judges struggle with this, don't they? Yes, your honor. I concede fully. It's so, so how, how could it make any sense that those sorts of issues should be adjudicated by a lay person in the first instance? It, it seems to be quite counterintuitive. Yes, your honor. But DHS officers, they apply the facts to law every day. Asylum officers apply, uh, the difficult standards of what constitutes a particular social group and whether there's persecution every day with respect to adjudicating asylum claims. Uh, this and DHS officers, they issue charging documents and all removal proceedings. So they are making that legal determination every day. If, if, if someone presents a legal challenge saying, hey, look how difficult this is or, or at least, uh, puts, um, uh, some kind of skepticism or, or, or a chance to second guess it in the air of the DHS officer, he or she has the authority to say, hey, this is too difficult for us. We should let this case proceed to regular removal proceeding. So an immigration judge and then possibly the board address that a more difficult issue. But didn't the petitioner here raise all these arguments in the motion to reopen the motion to reconsider and the appeal of the BIA? Oh, yes, he did. In those rejected, uh, appeals and motions, he did. So he raised this. So isn't that enough? And don't you even concede that, uh, in your brief that in your opening brief there, your response brief that that would have been sufficient that his attempts, uh, to put that argument before the board, um, don't, uh, don't equate to exhaustion. They, because when we're talking about these, not equate to exhaustion when he files a motion to reopen and then files the appeal to the BIA raising the same issue, which, which is ignored twice. Yes, it, it, it does. Because what else is a man to do? Yeah, I understand. I'll show up here with an attorney and ask and ask you honorable judges how to resolve this. But, um, uh, the reason why that doesn't count is because of the particular nature of these expedited proceedings for non permanent resident aggravated felons. How this works is there's this expedited proceedings that adjudicates the removal ground portion of it that is done by and an officer, an asylum officer, uh, has, has agreed that you have one. You get put into which Miss Varadis, uh, he, he didn't establish that. But anyway, but if you did, you get put into what is called withholding only proceedings before an immigration judge that can be appealed before the board. The, the authority of the immigration judge and the board in the context of the holding only proceedings is only to adjudicate those, uh, claims. The, the removal decision has been, um, already resolved by DHS. And that's, that's, uh, uh, a quirk of this is shown in that Quintero's case where, where this court recognized that there's this circuit split and you haven't answered this exhaustion, um, question. In that case, the reason why it was found to have been exhausted is because the immigration judge during those withholding only proceedings, Suus Ponte, uh, he decided to readdress this. And so there was an agency decision thereafter and that's so kind of mooted the exhaustion. Let me ask you in a practical way, if, if it's sort of clear that legal questions like this one can be raised in front of the DHS officer, um, in light of the pervasiveness of this issue, the cases should be legion where that has occurred. Can you tell us how many times this has occurred and, and, and give us some evidence that the ability to raise a legal challenge is not merely a theoretical possibility, but a real one? Okay. Your Honor, I, I, I cannot, uh, but I can give you, uh, um, an anecdotal answer and two examples from the case law. An anecdotal answer is prior to this argument I discussed with, uh, the ICE chief counsel's office in Philadelphia. And he says, uh, uh, most from his, uh, experience, most of the time, um, uh, there is usually not a withholding or cat, but the, but the ones where he sees someone challenging the removal, it's, it's, they're raising a legal issue saying my crime doesn't amount to an aggravated felon. All right. But, and I can, but after, but before you go to the other two, okay. All right. But when that happens then, and the DHS officer thinks it's a debatable point, then it should go into the, the standard IJBIA flow, correct? Correct. All right. Then where are all those cases? From, are they not yet reported? Are they all percolating up? Are we going to see them soon? Well, I guess it would depend on, you may never see them because cases that start with, um, uh, notice to appear in regular removal proceedings, we'll just have that notice. And that's where the record, uh, starts. The, the other cases have been, um, the expedited proceedings had been terminated. So they wouldn't even. No, but I'm, well, but I, I guess I'm, I'm still not understanding. Forgive me because this is a common issue. We see this time and again, if it's a common issue and it can be raised, it can be exhausted before the agency. There should be a whole bunch of cases where someone in the first instance is using this form and checking the fourth box saying, here's some documents. I'm not an aggravated felon. And then that, that case goes through the normal process and then comes up to us. But I haven't seen those. So either they don't exist or they're all in process and we're about to see them. Can you shed any light on that? What I can say is that because, because if neither of those are true, this isn't happening. And if legal challenges aren't being made and petitioners aren't availing themselves of this, then that would seem to suggest it's not a realistic opportunity to even exhaust other than to try to exhaust the way judge Fisher described, which is you don't do anything on the form, but at some point you go to the agency and you say, Hey, I've got this, this legal challenge. The problem there is it's too late. And the agency, like it happened here says, we're not going to look at it. That's in chess. We would call that a zugs way, I think. Um, or in colloquial terms, damned if you do damned, if you don't, we have to avoid that kind of situation, don't we? Yes. But I, I do know legal challenges have been made. I can cite to you two decisions from other circuits, an eighth circuit case called Badola Zerate 892 F third 1137 892 F third 1137 and Graham from the sixth circuit, which is 519 F third 546. Both of those decisions involved, uh, a petitioner raising a legal argument and then the courts then addressed it because it was exhausted. The eighth circuit requires exhaustion. The sixth hasn't addressed it yet. And then Graham, an interesting little aside is it was exhausted by the aliens attorney, um, either writing a letter or calling the DHS office and saying, Hey, I, I'm contesting the legal issue. Uh, I, I think the focus on the form, um, forgets the first page of the form, which advises, advise Mr Baradas and all aliens that you must respond to the above charges, which is the removal charge. And it's then below says you may do the following, wanting them rebut the charge being the aggravated felony charge. And then on the second page regarding the check marks, I mean the check boxes, I understand how some could see it confusing, but if you work, I don't think it's confused. I'm not suggesting it's confusing. I'm suggesting it directs the reader to factual challenges and almost exclusively to factual challenges. And if, if the agency's interested in hearing legal challenges, it's, it should change the form to indicate that shouldn't it? And, and we've got a circuit split here, but there's been no attempt to change the form apparently, or is one in process? No, there, there is no attempt that I, I am aware of. Uh, but as, as you can see with how the 11th circuit resolved, this is, there is those notices on the first page of the form. There is the fact the regulation allows DHS this authority when it's not, when a person's not amenable to these proceedings, uh, to terminate them. And I just, for an example regarding this checkbox, uh, that fourth checkbox says your rebuttal, I'm attaching documents in support of my rebuttal. That can be a written rebuttal explaining why you, um, do not agree with the, the aggravated felony charge. And, you know, someone who is pro se, the exhaustion requirements, uh, uh, you know, it applies in all types of proceedings and it doesn't, and it applies to pro se, but then it is liberally construed. So say a pro se alien who checks off the I can test my deport, deportability box, but doesn't check any of the following ones that could be construed as liberally exhausted. Let's assume, let's assume that we, you lose on the first issue. Okay. Why do you prevail on the merits? We prevail on the merits because the, the Pennsylvania receipt of stolen property offense is a categorical match to the generic receipt of stolen property offense. Um, the, the main issue is, uh, I'll talk about Mr Varada's arguments, but I first want to say that the main issue is this mens rea issue. The Pennsylvania statute on its face has this subjective knowledge or belief requirement which matches the generic mens rea. Um, and if you look to the Pennsylvania Superior Court case of Newton from 2010, that that is the controlling president at the time of his, um, at the time of his conviction, it explained that this is in a subjective standard. The person had to, the defendant had to harbor a personal, at least a personal belief that it was, uh, stolen. But you concede there's some loose language in a statute was amended in 72 that did advert to objective language, right? I think the loose language you can, it's imprecise drafting. It, it, it mainly came when the court, whether it be the Superior Court or the Supreme Court, was just articulating the, the, the confines of the offense, but it was never applying that. The only time it was ever applied would be in Newton. And there are actually, he has not pointed to any examples after Newton, uh, that show, uh, that language being used to apply an objective. All right. So if you're right about that, if it's receipt of stolen property and there is a categorical match, um, and it is subjective, what about, um, your, your opposing counsel's argument on the consent issue? Yes, Your Honor. They, they are separate and distinct, uh, crimes with separate and distinct generic definitions. Um, if they weren't, there would have been no need for Congress to write theft offense and then that parenthetical, including receipt of stolen property. That including can be taken two ways. It could mean that this is a list of things included within the whole, or it adding this because it's similarly and related and receipt of stolen property is a, is related to theft. It's not necessarily theft. And so that's why there's a different generic definition and why they should be treated differently. And I'd like to note that both the Ninth Circuit and the Second Circuit have deferred to the board's interpretation of the receipt of stolen property, uh, offense. And, um, and I will talk about the, the, his points about the theft. I noticed my time's almost up. That's okay. Okay. Like to hear from you on this. I'm interested in the consent issue. His, his argument as I understand it, and he can clarify on rebuttal if I'm misunderstanding it is that, um, there are ways that this crime can be committed, um, that don't match because of, of the consent issue. I, I think the, the issue with that is that it's based on the consent issue is that it's the Henley decision. That's the Supreme Court decision from Pennsylvania. Uh, it involved an attempt to commit receipt of stolen property. The Stafford Superior Court decision Embank decision explained that. And so in that circumstance where there was an attempt, it was this person had the specific intent to receive some property even though the goods in hand weren't actually stolen. But Stafford resolves the question under Pennsylvania law whether the property in fact needs to be stolen. You, the Commonwealth has to prove that in fact was stolen to show that someone, uh, so your answer is, is under the example that, that counsel gave that person could not be convicted of that or should not be convicted of the offense if it wasn't right. If he, if he's a precondition of the conviction is that the property was in fact stolen. Yes, your honor. That's what Stafford stands for. Um, and regarding the theft consolidation provision in, um, Pennsylvania, this case is different than say in K. A. In K. A. You had a New Jersey robbery statute that included the words, the word theft. It if he committed a theft by use of force. So the court had to look to what the definition of theft was. And then in New Jersey, like Pennsylvania, there's this consolidation statute with all the different thefts. And here that's not the case with this receipt of stolen property provision. And we know as a matter of historical fact from the record that 39 25 a was his statute of conviction. So we begin the categorical approach there. And the last thing I'd like to say on the consolidation provision is that even though these are consolidated, it's provision, the purpose of that consolidation provision is to prevent a defendant from say he's charged with theft by deception and he go and he tries to defend against that by saying no, no, no, I stole that by robbery. And so the consolidation provision prevents that kind of commonwealth the martin case, which I believe is cited in petitioner's brief. It explains how that that provision, the theft consolidation provision works that if if um yes, if someone was charged with one type of theft, but then the evidence that the commonwealth wants to put forth is another type of theft. Uh they have to uh notify the defendant so he has a chance to rebut that. And then the trial court judge has to uh instruct the jury on the particular elements of the particular theft offense that is being uh that is being put forth. So we are once again only looking at the elements of the receipt of stolen property offense. We do not need to get into looking at all the different types of theft under pennsylvania law. If there are no further questions, thank you. Thank you. Mr Ray oil is rebuttal. Yeah. And if we could Mr really, could we just start with where Mr Newell finished off? Do you concede that 39 25 a is the statute of conviction here? He, so there was a guilty plea and the crime he pled guilty to was 39 25 a. It did not have all of the elements that are required for this court's generic definition, which means it couldn't categorically qualify as we set forth in our brief under the camps. But under Supreme Court precedent Mathis under Rosa, under the fourth circuit case we cited, which obviously is not binding on this court, but Martinez versus sessions, it shows that the effect of a consolidation provision like this is to render the statute indivisible such that it's inappropriate to consider the specific offense that he was charged or convicted with. Um and that's the position that that we've set forth in our brief that the statute is indivisible as a result of this consolidation into a unitary theft offense that can be proven in any matter. That seems to get back to the question I asked you before. You seem to be reverting to asking us to look at theft writ large rather than the slice of receipt of stolen property. That's why I asked you if if they're different and your client was convicted of receipt of stolen property. If they're different I think we still win on the with the absence of the without consent element. Nowhere in 30. Why don't you address what Mr. Newell said on that in response to my question on that issue. Well in 3925 the text of 3925 does not require. 3925? 3925a does not contain a without consent requirement. It criminalizes. But don't you still have to show that people can be validly Pennsylvania law? Not under Sal Moran. Under Sal Moran it says once the text of the state offense is broader that that establishes on its own a reasonable probability and you do not need to look to any case law to establish a reasonable probability. And I do I do believe. Wouldn't wouldn't reasonable probability direct us to looking at the real world and see how many times people have been convicted. How many Pennsylvania convictions can you cite that are akin to the hypothetical that you posed? Are there any? Well we've we've provided the example of Commonwealth v. Henley. Again I'll default back to Sal Moran because I think Sal Moran is clear that you don't need to cite a case. You know and I encourage this court to look at that case pretty carefully that there is no need to to then go and prove or cite to a case if the text is broader. That the the over breadth of that text supplies a reasonable probability in Sal Moran and Cabeda. And if I can quickly address the constitutional issue we we we we think the constitutional issue is quite clear. That there is a protected liberty interest that's implicated by a final removal order. It results in deportation from the country. It results in a permanent ban on asylum as KA recently recognized. If this court agrees with us on jurisdiction that aliens are not permitted to raise legal challenges and expedited removal proceedings, then the the constitutional violation is clear. That the BIA or that the immigration system is adjudicating protected liberty interests without affording the alien a reasonable opportunity to be heard in a reasonable time and matter. We pointed out in our brief the Ashwander principle which is encourages courts to avoid ruling on constitutional issues in advance of the necessity of deciding them. But respectfully now is the time that's necessary to decide them. For 10 years now the DHS has been on notice that two courts of appeals are of the view that neither the regulations nor the form give the alien the right to raise legal challenges in expedited removal proceedings. And rather than change the regulation or change the form the DHS has gone into court of appeals throughout the country and argued that aliens shouldn't be allowed to raise legal challenges in the courts resulting in a situation where aliens can't raise the... They might have a strategic reason for not putting a new box on the form right? Because if there's a new box on the form that says do you have any legal challenges that box might get checked and there might be a flood of legal claims. And it should. The INA requires that. It says that that that an alien should be given a reasonable opportunity to rebut the charges. And you know to sum up... You want it to be clear. Your argument is the form should should be straightforward. And you'd concede I think the form is straightforward with respect to the factual challenges that folks can raise. You're just saying there's there's they're hiding the ball with respect to legal challenges. That is correct. And our position is that if this court addresses jurisdiction without resolving the constitutional issue the system will continue the way that it's been that it's been going on. Individuals won't be raising these in immigration courts. They'll bring maybe they'll bring them in this court but a lot of individuals will give up. They'll see the form. They'll see the four options and say none of these apply to me. Why would I file a petition for review? I understand that this court is an unelected... At that stage in an expedited removal procedure is a They're not at that stage. I don't think so. Once you get the form and it advises you here are your options. None of them apply. Why then go file a petition for review? I mean you you take the government at its word that that's the only options that you have. You don't have a lawyer. You give up. And now there are individuals who have been deported from this country based on a final... Yeah well in our case I think Jacome was lucky and I'll give credit to somebody besides myself. There was an individual who was detained with him who's done a lot of pro bono work as a non-lawyer on these cases who's kind of an expert on the categorical approach and and advised him that he should file the petition for review that and and luckily he got counsel but you you can't rely on that situation presenting itself and in other circumstances and and the result is through through this form a lot of aliens are ignorant of these legal challenges. They get a final order of removal based on their their deportation and now they can't apply for asylum for the rest of their life. Like respectfully our constitutional system deserves better and the government's had every opportunity to fix this and chosen not to. Thank you Mr. Ailey and you're pro bono correct? Correct. All right the court appreciates you and your firm's pro bono assistance. We also appreciate you Mr. Newell. Thank you for the excellent briefing and oral arguments from both sides. We'll take the matter under advisement.